UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANTHONY HAYES,

    Plaintiff,

v.                                                          No.: 3:06-cv-158
                                                                  (VARLAN/GUYTON)

STATE OF TENNESSEE, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights complaint. The matter is before the court on the motion to dismiss the complaint filed by defendants George Little, Roland Colson, Jack Morgan, Jim Worthington, Bobby Walls, Joe Crichton, Steve Cantrell, Paul Flanders, and Denise Hall,[1] and the motion to return the original grievance forms, or copies thereof, filed by plaintiff Anthony Hayes. Plaintiff's motion [Court File No. 30] is **GRANTED** to the extent the Clerk is **DIRECTED** to provide plaintiff with copies of the electronically-filed documents which include the page header assigned through the electronic case filing system. For the following reasons, the defendants' motion to dismiss [Court File No. 28] is **DENIED**.

---

[1] The court notes that the State of Tennessee and the Tennessee Department of Correction were also named as defendants and served with process, but have not filed a motion to dismiss or otherwise responded to the complaint.

The defendants move to dismiss the complaint without prejudice, based upon plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e, a part of the Prison Litigation Reform Act. Plaintiff submitted, along with his complaint, the original grievances he had submitted to prison authorities. The defendants contend that plaintiff failed to exhaust his remedies because not all of the named defendants were named in the grievances, and because the complaint contains unexhausted as well as exhausted claims.

The defendants' motion is premised upon Sixth Circuit precedent, existing at the time the motion to dismiss was filed, requiring prisoner plaintiffs to plead and demonstrate exhaustion of administrative remedies, upon filing their complaint, with respect to all defendants and all claims; under then-existing Sixth Circuit precedent, the requirement was one of total exhaustion and any complaint containing exhausted and unexhausted claims was to be dismissed in its entirety. *See, e.g., Knuckles El v. Toombs*, 215 F.3d 640, 642 (2000); *Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), respectively.

On January 22, 2007, the U.S. Supreme Court issued its ruling in *Jones v. Bock*, ___ S. Ct. ___, 2007 WL 135890 (2007), and reversed the aforementioned Sixth Circuit precedent. The Supreme Court first held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 2007 WL 135890 at *11. The Court next held "that exhaustion is not *per se* inadequate simply because an individual later sued was not named

2

in the grievances." *Id*. at *12. Lastly, the Court held that where a complaint contains both exhausted and unexhausted claims, the district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety. *Id*. at *13-15. Based upon the Supreme Court's ruling in *Jones*, the defendants' motion to dismiss the complaint is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE