UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTHONY HAYES, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-cv-158 |
| | ) | (VARLAN/GUYTON) |
| STATE OF TENNESSEE, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This is a *pro se* prisoner's civil rights action, in which plaintiff alleged the deprivation of his rights to the free exercise of religion, free speech, and equal protection, in violation of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. Plaintiff subscribes to the Christian Identity Faith, which promotes white supremacy, racial purity, and the separation of the races. He specifically alleged that his right to practice his religion, including the right to receive literature and other materials concerning his faith, has been violated. He also alleged that the TDOC policies regarding security threat groups (STG) criteria and restrictions on inmate mail, which are the basis for the prohibition on Christian Identity literature, are vague and overbroad.

The Court granted the defendants' motion for summary judgment and plaintiff appealed. The Sixth Circuit affirmed in part, reversed in part, and remanded for further proceedings. *Hayes v. Tennessee*, 424 F. App'x 546 (June 1, 2011). Plaintiff did not pursue his free speech and equal protection claims on appeal, relying on his free exercise of religion

claim as his sole constitutional claim. *Id*. at 549. The Sixth Circuit held that summary judgment was proper on that claim because plaintiff "did not present evidence sufficient to demonstrate that Defendants' rejection of his requested religious literature was for reasons other than taking reasonable measures to maintain prison security." *Id*. at 554.

As for plaintiff's claims under RLUIPA, however, the Sixth Circuit found that summary judgment was not proper. In doing so, the Sixth Circuit first noted the following:

> The RLUIPA, which expands the First Amendment protections accorded prisoners with respect to their religious beliefs, provides in Section 3:
>
>> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>>
>> (1) is in furtherance of a compelling governmental interest; and
>>
>> (2) is the least restrictive means of furthering that compelling governmental interest.

*Id*. (quoting 42 U.S.C. § 2000cc-1(a)(1-2)).

The Sixth Circuit found that the defendants had not responded to plaintiff's argument that there was a reasonable alternative to the rejection of his religious literature in its entirety nor did the defendants explain why they had a compelling interest in prohibiting plaintiff from receiving the material when they allowed another inmate to receive it. *Id*. at 555. Under the circumstances, the defendants are **ORDERED** to respond to plaintiff's argument

2

and to address whether they have a compelling interest in prohibiting plaintiff from receiving his religious literature. The defendants shall have thirty (30) days from the date of this Order to file their response. Plaintiff shall then have thirty (30) days within which to file any reply, should he desire to do so.

Plaintiff has filed a motion to renew his motion for appointment of counsel. The Court having previously denied the appointment of counsel, the motion [Doc. 101] is **DENIED**.

Plaintiff has also filed a motion for the reimbursement of appellate filing fees paid and cancellation of the remaining indebtedness for the appellate filing fees, and a motion for an expedited ruling on that motion. Because plaintiff is in the custody of the Tennessee Department of Correction, he was assessed the $455.00 fee for filing an appeal and the Court ordered plaintiff's custodian to make monthly payments out of plaintiff's prison trust account in accordance with 28 U.S.C. § 1915(b)(2). Plaintiff now claims that he is entitled to costs as a prevailing party.

Rule 39(a)(4) of the Federal Rules of Appellate Procedure provides "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." The mandate issued by the Sixth Circuit specifically stated that no costs were awarded. [Doc. 96, Mandate]. Accordingly, plaintiff is not entitled to costs. Nor is he entitled to cancellation of the remaining debt because 28 U.S.C. § 1915(b)(2) states that a prisoner who files an appeal "shall be required to pay the full amount of a filing fee." The

3

Case 3:06-cv-00158   Document 103   Filed 03/20/12   Page 3 of 4   PageID #: 184

motion for reimbursement and cancellation [Doc. 97] is **DENIED** and the motion to expedite [Doc. 102] is **DENIED** as **MOOT**.

  **E N T E R :**

             <u>s/ Thomas A. Varlan    </u>
             UNITED STATES DISTRICT JUDGE